UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
JUAN S. GALICIA, individually and in behalf of all other
persons similarly situated,

                Plaintiff,

-against-

TOBIKO RESTAURANT, INC.; and JIMMY H. LIN,
jointly and severally,

                Defendant.
-------------------------------------------------------------------------x

**Decision & Order**
16-cv-4074(ADS)(SIL)

<u>APPEARANCES</u>:

**Law Office of Justin A. Zeller, Esq.**
*Attorneys for the Plaintiff*
277 Broadway, Suite 408
New York, NY 10007
    By:   Justin A. Zeller, Esq.
           Brandon D. Sherr, Esq.
           John Gurrieri, Esq., Of Counsel

**Law Office of Z. Tan, PLLC**
*Attorneys for the Defendants*
110 59th Street, Suite 3200
New York, NY 10022
    By:   Bingchen Li, Esq., Of Counsel

**SPATT, District Judge:**

Presently before the Court in this putative wage-and-hour class action are two motions.

First, the Plaintiff Juan S. Galicia moves under Federal Rule of Civil Procedure ("FED. R. CIV. P.") 12(b)(6) to dismiss the counterclaims asserted by the Defendant Tobiko Restaurant, Inc. ("Tobiko") and its principal Jimmy H. Lin ("Lin," together with Tobiko, the "Defendants") on the ground that they fail to state plausible claims for relief.

Second, the Defendants move under FED. R. CIV. P. 11(c) for an award of sanctions against the Plaintiff on the ground that the complaint is frivolous and intended solely to harass the Defendants.

1

For the reasons that follow, the Plaintiff's motion to dismiss the Defendants' counterclaims is granted, and the Defendants' motion for sanctions is denied.

## I. BACKGROUND

On July 22, 2016, the Plaintiff filed a complaint alleging that, from January 2016 to March 2016, he worked approximately 73 hours a week as a dishwasher in the Defendants' restaurant, but was not paid the minimum wage, overtime wages, so-called "spread of hours" pay, and was not provided with certain required documentation, including wage statements, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL").

On October 18, 2016, the Defendants filed an answer, substantially denying the Plaintiff's allegations and asserting counterclaims against the Plaintiff sounding in malicious prosecution and injurious falsehood. In particular, the Defendants alleged that the Plaintiff never worked for the Defendants; that the statements in his complaint are materially false; and that the Defendants have suffered a loss of business and other harm as a result of the Plaintiff's claims.

These motions followed.

## II. DISCUSSION

### A. The Plaintiff's Motion to Dismiss the Counterclaims

On November 7, 2016, the Plaintiff filed a motion to dismiss the counterclaims. Pursuant to Local Civil Rule 6.1(b), the time for the Defendants to respond to this motion expired on November 21, 2016. However, to date, more than six months have elapsed and the Defendants have yet to respond in any way.

#### 1. The Standard of Review

"A motion to dismiss a counterclaim is evaluated under the same standard as a motion to dismiss a complaint." *Capitelli v. Riverhouse Grill, Inc.*, No. 15-cv-2638, 2015 U.S. Dist. LEXIS 170156, at *2 (E.D.N.Y. Dec. 21, 2015) (Spatt, J.) (citation omitted). Namely, to survive a motion to dismiss under Rule 12(b)(6), a counterclaim must be supported by " 'enough facts to state a claim to relief

that is plausible on its face,' *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), and 'allow[ ] the court to draw the reasonable inference that the [plaintiff] is liable for the misconduct alleged,' *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)." *Otis-Wisher v. Medtronic, Inc.*, No. 14-cv-3491, 2015 U.S. App. LEXIS 9565, at *2 (2d Cir. June 9, 2015).

Of importance, even where a motion to dismiss stands unopposed, as it does here, the movant is required to establish his entitlement to relief. *See McCall v. Pataki*, 232 F.3d 321, 323 (2d Cir. 2000) ("If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal"); *Lichtenstein v. Reassure Am. Life Ins. Co.*, No. 07-cv-1653, 2009 U.S. Dist. LEXIS 23656, at *18 (E.D.N.Y. May 23, 2009) ("The court typically applies the same Rule 12(b)(6) standard to unopposed motions to dismiss").

### 2. As to the Sufficiency of the Counterclaims

As noted above, the Defendants assert counterclaims against the Plaintiff sounding in malicious prosecution and injurious falsehood, both of which stem from the allegedly groundless nature of the complaint in this case. However, the Defendants' answer fails to set forth enough non-conclusory facts to state a plausible claim for relief under either theory.

#### a. Malicious Civil Prosecution

To state a claim for malicious prosecution of a civil action, the Defendants are required to plausibly allege that the Plaintiff initiated an action against them, without probable cause to believe it could succeed, and that the case terminated in the Defendants' favor. *See Engel v. CBS*, 145 F.3d 499, 502 (2d Cir. 1998). Thus, to the extent that an essential element of this cause of action is a resolution favoring the Defendants, they must necessarily await completion of the action before bringing their claim. *See Secard v. Wells Fargo Bank, N.A.*, No. 15-cv-499, 2015 U.S. Dist. LEXIS 144412, at*12-*13 (E.D.N.Y. Sept. 9, 2015) (Report and Recommendation) (dismissing claim for malicious prosecution where the underlying lawsuit was still pending), *adopted*, 2015 U.S. Dist. LEXIS 144378

(E.D.N.Y. Oct. 23, 2015); *Zeltser v. Joint Stock Inkombank*, No. 95-cv-796, 1998 U.S. Dist. LEXIS 8200, at *9-*10 (S.D.N.Y. 1998) (finding that the merits of a malicious prosecution claim can only be assessed after the completion of the challenged action); *cf. Bentley v. McNamara*, 2017 U.S. Dist. LEXIS 62532, at *8-*9 (N.D.N.Y. Apr. 24, 2017) (dismissing a malicious prosecution claim as premature where the underlying criminal action was ongoing).

Therefore, to the extent that the Defendants attempt to predicate a malicious prosecution claim on the present litigation, they do not state a plausible claim for relief. Accordingly, the Plaintiff's motion to dismiss this counterclaim is granted, without prejudice to refiling at an appropriate time.

### b. Injurious Falsehood

"The tort of injurious falsehood 'consists of the knowing publication of false matter derogatory to the plaintiff's business of a kind calculated to prevent others from dealing with the business or otherwise interfering with its relations with others, to its detriment.'" *Korova Milk Bar of White Plains, Inc. v. PRE Props., LLC*, No. 11-cv-3327, 2013 U.S. Dist. LEXIS 14937, at *53 (S.D.N.Y. Feb. 4, 2013) (quoting *Kasada, Inc. v. Access Capital, Inc.*, No. 01-cv-8893, 2004 U.S. Dist. LEXIS 25257, at *50 (S.D.N.Y. Dec. 14, 2007)).

Unlike the tort of defamation, which may be actionable where the challenged statements impugn the basic integrity or creditworthiness of a business, "'an injurious falsehood is confined to denigrating the quality of the plaintiff's business's good or services.'" *Id.* at *54 (quoting *Berwick v. New World Network Int'l, Ltd.*, No. 06-cv-2641, 2007 U.S. Dist. LEXIS 22995, at *48 (S.D.N.Y. Mar. 28, 2007), *aff'd*, 639 F. App'x 43 (2d Cir. 2016)). For this reason, the tort of injurious falsehood is also commonly referred to as "trade libel" and "product disparagement." *See Henneberry v. Sumitomo Corp. of Am.*, 415 F. Supp. 2d 423, 470, 472 (S.D.N.Y. 2006) (noting that the relevant caselaw "elucidates the difference between, on the one hand, statements concerning a party's integrity or business methods,

and, on the other hand, statements denigrating the quality of a party's goods or services, with the former providing a basis for a claim of defamation and the latter providing a basis for an injurious falsehood claim") (internal quotation marks and citations omitted).

Applying these standards, the Court finds that the Defendants' counterclaim is unsupported by any plausible allegations that the complaint in this action denigrates the goods or services they offer. On the contrary, accepting the Defendants' factual premise, the Plaintiff's complaint falsely attributes to Tobiko and its individual owner a willful failure to comply with the applicable state and federal labor laws. While certainly derogatory, there simply is no plausible nexus between these charges and the quality of the Defendants' goods and services so as to support an injurious falsehood claim.

Further, even if there was such a connection, the Plaintiff is correct in asserting that the harm allegedly suffered by the Defendants as a result of the commencement of this action is not pled with the specificity required to state a claim based on injurious falsehood. *See Murphy-Higgs v. Yum Yum Tree, Inc.*, 112 F. App'x 796, 797 (2d Cir. 2004) (noting that "[u]nder New York tort law, special damages are an essential element of the tort of injurious falsehood" and "claimants must provide proof of itemized damages"); *Kasada, Inc.*, 2004 U.S. Dist. LEXIS 25257, at *51 (noting that "[t]he requirement of pleading and proving special damages is applied strictly," and therefore, "a motion to dismiss a claim of injurious falsehood may be granted for failure to allege special damages with the requisite specificity") (citations omitted).

In particular, the Defendants allege that the Plaintiff's false accusations have led to a "loss of business by 15-20%"; difficulty selling the restaurant; and "attorneys' fees and costs in defending the action and tremble [*sic*] damages" to be established at trial. In the Court's view, these allegations fall well short of properly pleading special damages. *See Murphy-Higgs*, 112 F. App'x at 797 (overturning a jury verdict in favor of counterclaiming defendants where "vague testimony as to lost sales" was

5

"plainly insufficient" to establish special damages); *In Touch Concepts v. Cellco P'ship*, 949 F. Supp. 2d 447, 484 n.30 (S.D.N.Y. 2013) (dismissing claim based on injurious falsehood where the pleading lacked specific allegations connecting the damages sought to any alleged injury to the plaintiff's credibility and reputation in the business community); *Korova*, 2013 U.S. Dist. LEXIS 14937, at *56 (finding that the plaintiff's alleged damages, consisting of a "substantial decrease in the number of patrons" and a "decrease in profits," were "simply insufficient to state a claim for injurious falsehood under New York law"); *Conte v. Newsday*, 703 F. Supp. 2d 126, 149 (E.D.N.Y. 2010) (dismissing claim based on injurious falsehood where a bare allegation of $500,000 in damages, without any itemization, was insufficient to state a claim); *Kasada, Inc*, 2004 U.S. Dist. LEXIS 25257, at *52 (dismissing claim based on injurious falsehood where the plaintiff alleged special damages based on a loss of business "in an amount to be determined at trial").

Therefore, the Court finds that the Defendants have failed to plausibly allege two essential elements of an injurious falsehood claim, namely, a false statement directed at the quality of their business's goods or services, and special damages. Accordingly, the Plaintiff's motion to dismiss this counterclaim is granted.

B.    The Defendants' Motion for Rule 11 Sanctions

On December 12, 2016, the Defendants filed a separate motion under Rule 11, seeking an award of sanctions against the Plaintiff and his counsel. In particular, the Defendants contend that the complaint is premised on materially false factual allegations; that the Plaintiff's counsel failed to undertake a reasonable inquiry regarding the accuracy of the Plaintiff's allegations; and that this action was commenced solely to harass the Defendants and extract a nuisance settlement.

1.    The Standard of Review

"Rule 11 sanctions are a coercive mechanism, available to trial court judges, to enforce ethical standards upon attorneys appearing before them, while being careful not to rein in zealous

advocacy." *Kiobel v. Millson*, 592 F.3d 78, 83 (2d Cir. 2010) (quoting *Pannonia Farms, Inc. v. USA Cable*, 426 F.3d 650, 652 (2d Cir. 2005)).

Relevant here, Rule 11 "provides for the imposition of appropriate sanctions when an attorney or a party signs a pleading . . . that contains a claim that is objectively unreasonable." *See Spinner v. City of New York*, No. 01-cv-2715, 2003 U.S. Dist. LEXIS 9411, at *41 (E.D.N.Y. Jan. 28, 2003) (citing *MacDraw, Inc. v. CIT Group Equip. Fin., Inc.*, 73 F.3d 1253, 1257-58 (2d Cir. 1996)), *aff'd*, 2003 U.S. Dist. LEXIS 14854 (E.D.N.Y. Aug. 27, 2003).

2.  As to Whether Sanctions are Warranted in this Case

The Defendants contend that the material facts alleged in the complaint are false, and no competent attorney, having conducted a reasonable inquiry, could have concluded otherwise. The Court disagrees.

To establish the falsity of the Plaintiff's claim that he worked at Tobiko, the Defendants submitted an affidavit by the individual Defendant Jimmy Lin. In this affidavit, Lin asserts that he has been the sole owner and manager of Tobiko since it opened for business in November 2013, during which time he has been present at the restaurant on a near-daily basis and has personally interviewed and hired every employee. However, Lin denied that the Plaintiff ever worked at Tobiko.

Rather, Lin asserted that, during the same period of time the Plaintiff claims to have worked as a dishwasher, the restaurant had a full-time dishwasher named Vicente Mendoza. Mendoza assertedly worked from 11:00 A.M. to 10:30 P.M. every Monday through Wednesday; 11:00 A.M. to 11:00 P.M. every Friday; 12:00 P.M. to 11:00 P.M. every Saturday; and 12:00 P.M. to 10:00 P.M. every Sunday. He took one hour-long break each workday, and on Thursdays, when Mendoza was off, one of two unidentified employees responsible for operating the deep fryer would washes dishes in his place.

7

The Defendants also submitted an affidavit from Mendoza himself, who confirmed that he worked as a dishwasher at Tobiko during the relevant time period, and on the same work schedule described by Lin. He asserted that he was the only dishwasher at Tobiko during this period, and does not know of any employee by the Plaintiff's name.

Relying on this evidence, the Defendants contend that the Plaintiff's counsel failed to make a reasonable inquiry into the Plaintiff's alleged employment, and that his claims based on wage-and-hour violations are objectively unreasonable.

In opposition, Brandon D. Sherr, Esq. submitted an affidavit of his own, denying that his law firm failed to make a reasonable inquiry before filing the complaint. In relevant part, Mr. Sherr described the process by which counsel interviewed the Plaintiff about his employment, and then independently corroborated several facts relating to the Defendants' business. Mr. Sherr also noted that it was reasonable to rely on the Plaintiff's version of events because Sherr's law firm has represented the Plaintiff in several prior wage-and-hour litigations, and he has never knowingly provided counsel with false factual information.

In the Court's view, this conflicting evidence clearly shows that the parties disagree on a basic element of the Plaintiff's claim, and in that regard, creates an issue of material fact for trial. However, resolving all doubts in favor of the attorney who signed the complaint, *see Oliveri v. Thompson*, 803 F.2d 1265, 1275 (2d Cir. 1986), the Court is unable to conclude that the Defendants' affidavits, without more, make it "patently clear that" the Plaintiff's claim "has absolutely no chance of success under the existing precedents," *Fisher v. Tice*, No. 15-cv-955, 2016 U.S. Dist. LEXIS 87792, at *71 (S.D.N.Y. July 5, 2016) (Report and Recommendation), *adopted*, 2016 U.S. Dist. LEXIS 120001 (S.D.N.Y. Sept. 4, 2016).

The Court's reasoning is not altered by the Defendants' reliance on complaints filed by the Plaintiff in prior wage-and-hour cases against his former employers. In arguing that the Plaintiff's

counsel has facilitated a pattern of pursuing false and groundless lawsuits, the Defendants point out discrepancies and apparently conflicting allegations in several of these prior complaints.  However, the Defendants fail to identify anything in these prior complaints that supposedly contradicts or disproves the specific allegations made in this case.

Therefore, the Court finds that the Defendants have failed to satisfy their burden of demonstrating that Plaintiff's claims are objectively unreasonable, or that the conduct of the Plaintiff and his counsel is otherwise sanctionable.  Accordingly, the Defendants' motion for an award of sanctions under Rule 11 is denied.

It is **SO ORDERED:**

Dated:  Central Islip, New York
         June 3, 2017                        */s/ Arthur D. Spatt*_____
                                                   ARTHUR D. SPATT
                                                   United States District Judge