**FILED
CLERK**

2:26 pm, Mar 11, 2020

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
JUAN S. GALICIA, individually and on behalf
of all other persons similarly situated,

                Plaintiff,

         -against-

TOBIKO RESTAURANT, INC. and JIMMY H.
LIN, jointly and severally,

                Defendants.
----------------------------------------------------------X

**MEMORANDUM OF
DECISION & ORDER**
2:16-cv-4074 (ADS) (SIL)

**APPEARANCES:**

**The law Office of Justin A. Zeller, P.C.**
*Attorneys for the Plaintiff*
277 Broadway Suite 408
New York, NY 10007
    By:    Justin A. Zeller, Esq.,
            Brandon David Sherr, Esq., Of Counsel.

**Law Office of Z. Tan PLLC**
*Attorneys for the Defendants*
110 59th Street Suite 3200
New York, NY 10022
    By:    Bingchen Li, Esq., Of Counsel.

**SPATT, District Judge**:

       There are two pending motions in this putative wage-and-hour action—a motion to conditionally certify the action as a collective pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), and a cross-motion to dismiss the complaint for failure to prosecute under Federal Rule of Civil Procedure ("FED. R. CIV. P.") 41(b). In September 2019, the Court referred the motion to certify to United States Magistrate Judge Steven I. Locke, pursuant to FED. R. CIV. P. 72. Only the cross-motion to dismiss is presently before the Court. For the reasons that follow, the Court denies the cross motion.

1

I.  **BACKGROUND**

Plaintiff Juan S. Galicia, acting on behalf of himself and all others similarly situated (the "Plaintiff") sued Tobiko Restaurant, Inc. ("Tobiko") and its principal Jimmy H. Lin ("Lin" and collectively, the "Defendants") in July 2016.  ECF 1.  He alleged that from January 2016 to March 2016, he worked approximately 73 hours a week as a dishwasher in the Defendants' restaurant, but was not paid the minimum wage, overtime wages, so-called "spread of hours" pay, and was not provided with certain required documentation, including wage statements, in violation of the FLSA, 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL").  *Id.* at 3–9.

In October 2016, the Defendants answered the complaint and asserted counterclaims against the Plaintiff for malicious prosecution and injurious falsehood.  ECF 12.  The Plaintiff moved to dismiss the counterclaims under FED. R. CIV. P. 12(b)(6), ECF 13, and the Defendants moved for sanctions under FED. R. CIV. P. 11, ECF 15.  In June 2017, the Court granted the motion to dismiss the counterclaims and denied the motion for sanctions.  ECF 18.

On August 19, 2019, in response to the Plaintiff's motion to certify a collective action, the Defendants cross-moved to dismiss the complaint for failure to prosecute.  ECF 22.

II.  **DISCUSSION**

A.  **The Legal Standard**

Rule 41(b) provides in relevant part that "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  FED. R. CIV. P. 41(b).  Rule 41(b) also obligates a party to diligently prosecute her case.  *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982); *Thomas v. Shinseki*, No. 09-CV-4900, 2011 WL 4753525, at *2 (E.D.N.Y. Oct. 6, 2011) (Spatt, *J.*).

Dismissal for lack of prosecution is a "harsh remedy" that should "be utilized only in extreme situations." *Lewis v. Rawson*, 564 F.3d 569, 575–76 (2d Cir. 2009) (internal quotation marks omitted); *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

When considering a Rule 41(b) motion to dismiss for failure to prosecute, courts should determine whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (citations omitted). None of the above-listed factors is dispositive, "and ultimately [the Court] must review the dismissal in light of the record as a whole." *Id.*

### B. Application to the Facts of this Case

The Defendants argue that the Court should dismiss the complaint for failure to prosecute because the Plaintiff had not made any filings in the case since December 2016, a period of 30 months. *Id.* at 5, 12. They further argue that the Plaintiffs are intentionally delaying proceedings, which prejudices the Defendants in that (a) they plan to call witnesses to testify that the Plaintiff never worked at Tobiko; (b) as time passes, it will be harder to locate those witnesses; (c) those witnesses' memories of who worked at Tobiko will fade; and (d) the Plaintiffs have offered no reason for the delay. *Id.* at 12.

The Plaintiffs oppose the cross-motion. ECF 35. They contend that all five of the *Drake* factors weigh against dismissing the case, in that: (1) the Plaintiff has missed no deadlines or failed to comply with court orders, and in any event, they sent the Defendants a case

3

management plan on July 23, 2019, and a notice of deposition on August 2, 2019, weeks before the Defendants filed the pending motion; (2) the Plaintiff had never been put on notice that the case may be dismissed; (3) the delay did not prejudice the Defendants, in that the Plaintiff had not repeatedly failed to comply with court orders; (4) there is no evidence that the delay has strained the Court's docket; and (5) the Court must also consider lesser sanctions before jumping to the extreme remedy of dismissal, especially given that the certification motion is pending before the Court. *Id.* at 3–7. The Court agrees.

The balance of the five *Drake* factors lean against granting the cross-motion, and thus, the Court denies the Defendants' cross-motion to dismiss for failure to prosecute. The Court examines each of those factors in turn.

### 1. Factor One—Delay

When considering the first *Drake* factor, a court asks "(1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." *Drake*, 375 F.3d at 255. The delay in this case was nearly two and a half years, and Courts have granted Rule 41(b) dismissals for much shorter periods of inactivity. *See Zappin v. Doyle*, 756 F. App'x 110, 112 (2d Cir. 2019) (summary order); *Lyell Theatre Corp.*, 682 F.2d at 42–43 (observing that delays supporting dismissals under Rule 41(b) can be as short as a period of months).

Conversely, the Court notes that throughout this delay, the Plaintiff never failed to comply with a court order. Also absent from this case are allegations from Plaintiff's counsel that he has lost interest in the case. Courts routinely note such instances when determining the Plaintiff to be at fault for a delay in an action. *See Burgess v. Goodman*, No. 18-CV-6584, 2019 WL 719199, at *3 (S.D.N.Y. Feb. 20, 2019) (observing that the Plaintiff failed to comply with

court order to produce a medical records release and that his lawyer had been unable to reach him); *Zaeretsky v. Zaretsky*, No. 10-CV-3771, 2011 WL 8085263, at *3 (E.D.N.Y. Oct. 13, 2011) ("They have missed four consecutive deadlines to file a RICO statement."). The Court also notes that the Plaintiff had contacted the Defendants multiple times regarding discovery in the month before the Defendants filed the pending motion.

The Court holds that the first factor favors the Plaintiff. While there has been significant delay in this case, the Defendants present no evidence, let alone arguments, that the Plaintiff is at fault for the delay. *See Drake*, 375 F.3d at 255 *Lego*; *A/S v. Best-Lock Construction Toys, Inc.*, 319 F.R.D. 440, 447–48 (D. Conn. 2017) (describing the first factor as a "two-part inquiry"); *Garcia v. City of New York*, No. 14-CV-4160, 2016 WL 1275621, at *2 (E.D.N.Y. Mar. 31, 2016).

### 2. Factor Two—Notice

The Plaintiff had no notice that he had failed to prosecute the action or that a dismissal was forthcoming. To dismiss a case for failure to prosecute without first providing such notice, along with an opportunity to be heard, would contravene the Second Circuits established policy. *See Baptiste v. Sommers*, 768 F.3d 212, 216–17 (2d Cir. 2013) (per curiam) ("Our review is mindful, however, that such dismissals are 'the harshest of sanctions' and we insist that dismissal 'be proceeded by particular procedural prerequisites,' including 'notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard.'") (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)). In the absence of such notice, the Court rules that this second *Drake* factor is in the Plaintiff's favor.

### 3. Factor Three—Prejudice

Under the third factor, Courts consider prejudice to the defendant caused by the delay. *Ctr. for Monitoring Impact of Peace, Inc. v. Ctr. for Monitoring Impact of Peace, R.A.*, No. 06-Civ-2390, 2010 WL 3958823, at *3 (S.D.N.Y. Sept. 24, 2010). This factor "turns on the degree to which the delay was lengthy and inexcusable," and where the delay is long enough, courts may presume prejudice. *Drake*, 375 F.3d at 256; *see Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 185 (2d Cir. 1995) (delay increases chances that evidence will be lost and discovery and trial will be more difficult). However, where a party's delay is more moderate and excusable, the opposing party's need to show actual prejudice rises proportionally. *Drake*, 375 F.3d at 256 (citing *Lyell*, 682 F.2d at 39–40, 43). When courts presume prejudice at this stage, that presumption is rebuttable. *Id.* (citing *LeSane Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001)).

The Defendants contend that the Court may presume prejudice from the unreasonable delay in this action. ECF 23 at 12. They cite *Lyell* for this proposition. *Id.* The Plaintiff counters that the Court should not presume prejudice based on *Lyell*, because, unlike in that case, the Plaintiff here has not repeatedly failed to comply with court orders. ECF 35 at 5. The Plaintiff further argues that he can rebut any presumption because the Defendants have been on notice of the Plaintiff's claim since he filed his complaint, and thus, they have been able to preserve any evidence needed for their defense, which in this case would be testimony from employees that the Plaintiff never worked for Tobiko. *Id.* at 5–6.

The Court holds that this third factor favors the Plaintiffs. The Court declines to presume prejudice. It reads the holding in *Drake* on the presumption of prejudice as a joint inquiry, that the delay be lengthy *and* inexcusable. 375 F.3d at 256. Here, while the delay in this case has

been lengthy, the Court declines to find that it was inexcusable. As noted above, the record is devoid of examples of the Plaintiff's having disregarded a court order to file documents, *see* Drake, 375 F.3d at 253 ("Drake did not file this final amended complaint within 60 days. According to Drake's brief on appeal, this was an inexcusable mistake on the part of Drake's then-counsel of which Drake was unaware."), or the Plaintiff's having become unreachable by his counsel, *see, e.g.*, *Caussade v. United States*, 293 F.R.D. 625, 629–30 (S.D.N.Y. 2013) (presuming prejudice where plaintiff had become inaccessible for months at a time); *see also Maldonado v. Menacola Mktg., Inc.*, No 12-CV-6236, 2013 WL 5206396, at *2 (E.D.N.Y. Sept. 12, 2013).

The Defendants instead must show actual prejudice. Their reliance on *Lyell* is unpersuasive, because, as noted by the Plaintiffs, there is no record here of the Plaintiff's failure to comply with court orders. *See* 682 F.2d at 39–40, 43; *see also Drake*, 375 F.3d at 257 (describing the prejudice in *Lyell* as "where the plaintiff repeatedly failed to file documents that the court ordered, even after being warned that he was risking dismissal"). The Defendants' contention as to the loss of evidence is equally unavailing, because the Defendants have had notice of the Plaintiff's claims since he filed the complaint. *See, e.g.*, *SEC v. Shehyn*, No. 04-CV-2003, 2008 WL 6150322, at *5 n.10 (S.D.N.Y. Nov. 26, 2008) ("And there is slim risk of decay of evidence in this case because as both Plaintiff and Defendant concede, discovery materials have been preserved and the Defendant has been on notice of the pendency of this action at least since 2005."). The Plaintiff further undercuts this evidence claim by their service of discovery materials on the Defendants in the weeks prior to the Defendants' filing this motion, thus providing the Defendants with the opportunity to present the evidence that they are concerned about losing.

For the foregoing reasons, the Defendants fail to establish a presumption of prejudice. They also do not show actual prejudice. Accordingly the third factor also favors the Plaintiff.

**4. Factor Four—Balancing Docket Congestion with the Opportunity to be Heard**

The fourth factor calls for the Court to consider "the balance between district court calendar congestion and the plaintiff's right to an opportunity to be heard." *Drake*, 375 F.3d at 257. There must be "compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." *Lucas*, 84 F.3d 532, 535 (2d Cir. 1996); *see also Baptiste*, 768 F.3d at 218–19.

The fourth factor, like the previous three factors, favors the Plaintiff. The Court has not been presented with any compelling evidence of the extreme repercussions of maintaining the case, one which has a pending FLSA certification motion. *See Lucas*, 84 F.3d at 535. The Defendants do not even raise arguments with regard to this factor in their motion, and the Plaintiff notes that he has been actively litigating this case in that discovery has been served; the parties submitted a scheduling order; and the certification motion is fully briefed. *See Paige v. Lacoste*, No. 10-CV-3356, 2014 WL 4804866, at *5 (E.D.N.Y. Sept. 26, 2014); *Caussade*, 293 F.R.D. at 631 (ruling that the fourth factor favored the defendants where the plaintiff had shown little interest in prosecuting her case).

**5. Factor Five—Consideration of Lesser Sanctions**

The fifth *Drake* factor pertains to "whether lesser sanctions would have been sufficient to remedy any prejudice resulting from plaintiff's delay." 375 F.3d at 257. However, "district courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record." *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010) (citation omitted).

Here, the Court rules that there is no basis for sanctioning the Plaintiff, and thus, that dismissal is necessarily not warranted. *See Balderramo v. Go N.Y. Tours Inc.*, No. 15-Civ-2326, 2019 WL 5682848, at *5 (S.D.N.Y. Nov. 1, 2019) ("[T]he Court does not find that sanctions lesser than dismissal would be ineffective at this time."). The Defendants present no evidence that the Plaintiff had consciously delayed proceedings. In addition, the Plaintiff had resumed prosecuting the case prior to the Defendants' motion to dismiss. *See Balderramo v. Taxi Tours Inc.*, No. 15-Civ.-2181, 2019 WL 5188925, at *4 (S.D.N.Y. Oct. 15, 2019) ("[T]he record does not indicate the lack of prosecution was motivated by an obstructionist litigation strategy.") (citing *Dodson v. Runyon*, 86 F.3d 37, 40 (2d Cir. 1996)).

### 6. The Balance of the Factors

Each of the five *Drake* factors counsels against the granting of the Defendants' motion. Considering these factors, as well as the record as a whole, the Court denies the Defendants' motion. *See Drake*, 375 F.3d at 254

### III. CONCLUSION

For the foregoing reasons, the Court denies the Defendants' motion to dismiss for failure to prosecute.

It is **SO ORDERED.**

_/s/ Arthur D. Spatt_                                         _March 11, 2020_

Arthur D. Spatt, U.S.D.J.                                              Date